# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| DOUGLAS W. FLANNERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| UNITED FIRE & CASUALTY COMPANY | ) |
| a foreign insurance corporation, | ) |
| | ) |
| **Serve:** | ) |
| **United Fire & Casualty Company** | ) |
| **c/o Director of Insurance** | ) |
| **301 W. High Street, Room 530** | ) |
| **Jefferson City, MO. 65101** | ) |
| | ) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff Douglas W. Flannery, by and through his attorney Daniel H. Rau of Lanzotti & Rau, LLC, and for his petition against Defendant United Fire & Casualty Company, states:

1. Plaintiff Douglas W. Flannery is a resident of the State of Missouri.

2. Defendant United Fire & Casualty Company ("United") is an Iowa insurance corporation, licensed to do business in the State of Missouri. United regularly solicits business from, issues policies to, and collects premiums from Missouri residents, including in the County of Cape Girardeau.

3. Venue is proper in this Court pursuant to §508.010.2(4) RSMo. and this Court has jurisdiction over the subject matter and parties hereto.

1

Case: 1:19-cv-00183-RLW   Doc. #: 1-3   Filed: 10/16/19   Page: 2 of 5 PageID #: 15
Electronically Filed - City of St. Louis - June 27, 2019 - 01:39 PM

4. Defendant United issued a policy of automobile insurance (Policy # 60410176) to EDCO Construction Specialists in the State of Missouri with a coverage period of January 1, 2012 through January 1, 2013 (hereinafter, the "United Policy").

5. At all relevant times herein, Plaintiff was operating a motor vehicle and an insured under the United Policy, and a third-party beneficiary of the United Policy.

6. The United Policy provided Plaintiff with, *inter alia*, underinsured motorists coverage ("UIM") with a limit of One Million Dollars ($1,000,000.00).

7. On or about January 17, 2012, Plaintiff, while operating the insured vehicle that was violently struck by an underinsured motorist in Cape Girardeau, Missouri.

8. Olline A. Brown was the driver of the vehicle that struck the vehicle being operated by the Plaintiff.

9. At all times relevant herein, Olline A. Brown, in operating his motor vehicle, violated his duty of care and was negligent in one or more of the following respects:

    a. failing to stop at a red light;

    b. failing to keep a proper lookout;

    c. failing to slow, stop or swerve so as to avoid the collision after the danger of the collision was apparent; and

    d. operating a motor vehicle in a distracted and/or inattentive manner.

10. As a direct result of Olline A. Brown's negligence, Plaintiff suffered severe, permanent, and debilitating injuries. Further, Plaintiff has suffered, and will suffer in the future, severe pain and mental anguish as a result thereof.

11. As a further and direct result of the aforesaid negligence of Olline A. Brown and the resulting injuries and damages sustained by Plaintiff, Plaintiff has been caused to undergo

2

Case: 1:19-cv-00183-RLW Doc. #: 1-3 Filed: 10/16/19 Page: 3 of 5 PageID #: 16
Case: 1:19-cv-00183 Doc. #: 1-3 Filed: 10/16/19 Page: 3 of 7 PageID #: 8

Electronically Filed - City of St. Louis - June 27, 2019 - 01:39 PM

certain reasonable and necessary hospital and medical care and treatment, for which Plaintiff has been caused to incur or become indebted for an amount of approximately $740,000.00, and Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further such large sums therefore.

12. Prior to the aforesaid injuries, Plaintiff was an able-bodied man capable of doing and performing work and labor. As a further direct result of the aforesaid negligence of Olline A. Brown and the result of injuries and damages sustained by Plaintiff, Plaintiff's ability to work, labor, and to enjoy the ordinary pursuits of life have been severely impaired and diminished; Plaintiff has lost time and wages from employment, with additional future losses expected.

13. As a direct result of the negligence of Olline A. Brown, Plaintiff has suffered injuries and damages in excess of $2,000,000.00.

14. At all relevant times herein, Olline A. Brown had an automobile liability insurance policy of insurance with Safeco Insurance ("Safeco") with a liability limit of Twenty-Five Thousand Dollars ($25,000.00).

15. As a direct result of Olline A. Brown's negligence, Plaintiff demanded and was paid the full $25,000.00 limit of Olline A. Brown's Safeco automobile liability insurance policy. Olline A. Brown had no other policies of automobile liability insurance other than this Safeco policy.

16. The limit of Olline A. Brown's automobile liability insurance policy was insufficient to compensate Plaintiff for the full amount of injuries and damages suffered by Plaintiff as a result of the aforesaid crash, and therefore Olline A. Brown was an underinsured motorist.

**Count I – Breach of Contract**

3

Electronically Filed - City of St. Louis - June 27, 2019 - 01:39 PM

17. Plaintiff incorporates by reference all previous paragraphs of this Petition, as if fully set forth herein.

18. Plaintiff made demand upon United for the UIM limits under the United Policy.

19. To date, United has failed and refused to pay Plaintiff any sums under the James River Policy.

20. United breached the UIM provisions of the United Policy by failing to pay Plaintiff One Million Dollars ($1,000,000.00) which is the amount owed under the United Policy by United to Plaintiff.

21. All conditions precedent to United's obligation under the United Policy have occurred or have been performed, or the occurrence, or performance, or both, of the conditions precedent have been excused by United's breach of said policy.

22. As a result of United's breach as stated herein, Plaintiff has sustained damages.

WHEREFORE Plaintiff prays for judgment against United in the sum of $1,000,000.00, plus prejudgment interest and post-judgment interest at the highest lawful rate from the date of judgment, for his costs of action incurred herein, and for such other and further relief as is just and proper.

## Count II – Vexatious Refusal

23. Plaintiff incorporates by reference paragraphs all previous paragraphs of this Petition, as if fully set forth herein.

24. United has recklessly, unfairly, unreasonably, and vexatiously failed and refused to pay Plaintiff the UIM limit due to Plaintiff under the United Policy.

25. Plaintiff has been damaged as a result of United's vexatious refusal to pay the monies due Plaintiff under the United Policy.

26. Plaintiff is entitled to the amount of the loss due under the United Policy in the amount of $1,000,000.00, plus interest, plus damages not to exceed twenty percent of the first $1,500 of the loss, and ten percent of the amount of the loss in excess of $1,500, plus a reasonable attorney's fees, pursuant to §375.420 RSMo.

WHEREFORE Plaintiff prays for judgment against United in the amount of $1,000,000.00, plus interest, plus damages not to exceed twenty percent of the first $1,500 of the loss, and ten percent of the amount of the loss in excess of $1,500, plus a reasonable attorney's fees, plus prejudgment interest and post-judgment interest at the highest lawful rate from the date of judgment, for his costs of action incurred herein, and for such other and further relief as is just and proper.

Respectfully Submitted,

LANZOTTI & RAU, LLC

_____
Daniel H. Rau                    #48880
354 S. Silver Springs Rd, Suite A
P.O. Box 1060
Cape Girardeau, Missouri 63702-1060
(573) 335-9300; (573) 803-0999 facsimile
drau@semoinjuryhelp.com
ATTORNEY FOR PLAINTIFF

5